Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FELIX CANTALICIO-ALVARADO, and
ISMAEL CANTALICIO-ALVARADO, on behalf of
themselves and others similarly situated,

Plaintiffs,

-against-

TWIN DONUT INC., JEROME TD LLC,
218 TD LLC, GEORGE PSATIIAS, and
KATHY CABRAL,

Defendants.

Case No.:   17 cv 7597

**COMPLAINT
FLSA ACTION**

ECF Case

---

Plaintiffs, **Felix Cantalicio-Alvarado, and Ismael Cantalicio-Alvarado,** (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Twin Donut Inc., Jerome TD LLC, and 218 TD LLC (herein, collectively, "Twin Donut"), and George Psathas and Kathy Cabral, individually (all defendants collectively referred to herein as the "Defendants"), and state as follows::

## INTRODUCTION

1.      Plaintiffs allege that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid

overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.    Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) unpaid "spread of hours" premium for each day they worked more than ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York State Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.    Plaintiffs are adult residents of Bronx County, New York, and are former employees of the Defendants.

6.    Plaintiffs reside in the Southern District of New York.

7.    Upon information and belief, Defendant, Twin Donut Inc. dba Twin Donut, is a business entity organized and existing under the laws of the State of New York, with a principal place of business at 35 East Grassy Sprain Road, Yonkers, New

York 10710, which owns and operates multiple "Twin Donut" restaurants in New York City.

8.      Upon information and belief, Defendant, Jerome TD LLC dba Twin Donut, is a business entity organized and existing under the laws of the State of New York, with a principal place of business at 3396 Jerome Avenue, Bronx, New York 10467, which owns and operates a "Twin Donut" restaurant at that address.

9.      Upon information and belief, Defendant, 218 TD LLC dba Twin Donut, is a business entity organized and existing under the laws of the State of New York, with a principal place of business at 5099 Broadway, New York, New York 10034, which owns and operates a "Twin Donut" restaurant at that address.

10.     Upon information and belief, Defendant, George Psathas, is an owner, officer, director and/or managing agent of Twin Donut, whose address is unknown at this time, and who participated in the day-to-day operations of Twin Donut and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Twin Donut.

11.     Upon information and belief, Defendant, Kathy Cabral, is an owner, officer, director and/or managing agent of Twin Donut, whose address is unknown at this time, and who participated in the day-to-day operations of Twin Donut and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York

Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Twin Donut.

12.     Plaintiff, Felix Cantalicio-Alvarado, was employed by Defendants, in Bronx County and New York County, New York, as a cook at Defendants' restaurant, from on or around September 2015, through July 2017.

13.     Plaintiff, Ismael Cantalicio-Alvarado, was employed by Defendants, in Bronx County and New York County, New York, as a cook at Defendants' restaurant, from on or around 2012, through August 2017.

14.     At all relevant times, Twin Donut was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15.     At all relevant times, the work performed by Plaintiffs was directly essential to the businesses operated by the Defendants.

16.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime compensation, in contravention of the FLSA and New York Labor Law.

17.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums, in contravention of the New York Labor Law.

18.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### STATEMENT OF FACTS

19.     In or about September 2015, Plaintiff, Felix Cantalicio-Alvarado, was hired by Defendants to work as a cook at Defendants' restaurant known as "Twin

4

Donut", located at 3396 Jerome Avenue, Bronx, New York 10467. Felix Cantalicio-Alvarado also worked for the Defendants at another location, 5099 Broadway, New York, NY 10034, owned and operated and managed by the same individual defendant, George Psathas.

20.    Plaintiff, Felix Cantalicio-Alvarado, worked continuously for the Defendants between September 2015 through July 2017.

21.    During the course of Felix Cantalicio-Alvarado's employment by the Defendants, he worked over forty (40) hours per week. Plaintiff Felix Cantalicio-Alvarado generally worked fifty (50) to sixty (60) hours per week.

22.    During 2015-2016, Plaintiff Felix Cantalicio-Alvarado was paid at a rate of $9.50 per hour, in cash, and worked up to sixty (60) hours per week. His pay was increased in 2017, to $10.50 per hour, for the same hours. He has always been paid wages in cash. Work performed above forty (40) hours per week was not and is not paid at time and one-half the statutory minimum rate (or plaintiff's regular rate), as required by state and federal law.

23.    In or about 2012, Plaintiff, Ismael Cantalicio-Alvarado, was hired by Defendants to work as a cook at Defendants' restaurant known as "Twin Donut", located at 3396 Jerome Avenue, Bronx, New York 10467. Felix Cantalicio-Alvarado also worked for the Defendants at another location, 5099 Broadway, New York, NY 10034, owned and operated and managed by the same individual defendant, George Psathas.

24.    Plaintiff, Ismael Cantalicio-Alvarado, worked continuously for the Defendants between 2012 through on or about August 20, 2017.

5

25.    During the course of Ismael Cantalicio-Alvarado's employment by the Defendants, he worked over forty (40) hours per week. Plaintiff Ismael Cantalicio-Alvarado generally worked fifty (50) to sixty (60) hours per week.

26.    During 2014-2016, Plaintiff Felix Cantalicio-Alvarado was paid at a rate of $9.50 per hour, in cash, and worked up to sixty (60) hours per week. His pay was increased in 2017, to $10.50 per hour, for the same hours. He has always been paid wages in cash. Work performed above forty (40) hours per week was not and is not paid at time and one-half the statutory minimum rate (or plaintiff's regular rate), as required by state and federal law.

27.    Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

28.    Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiffs and other similarly situated employees on days when their work hours exceeded ten (10) hours.

29.    At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

30.    Defendant, George Psathas, is an individual who, upon information and belief, owns the stock of the corporate defendants, owns the corporate defendants, and

6

manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

31.    The individual defendant George Psathas, exercised control over the terms and conditions of Plaintiffs' employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

32.    The individual defendant Kathy Cabral, exercised control over the terms and conditions of Plaintiffs' employment in that she had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of the employees' employment.

33.    Defendants George Psathas and Kathy Cabral exercised sufficient control over Twin Donut's day-to-day operations as to be considered employers, of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

34.    Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendants, Twin Donut (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiffs bring this action individually and as representatives on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants since October 2014 to the entry of judgment in this case (the "Collective Action Period"), and who were compensated at less than the statutory rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

36.     The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are as many as a hundred or more Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

37.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

38.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the

class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

39.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

40.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

 a. Whether the Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

 b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiffs and the Collective Action Members;

 c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

 d. Whether the Defendants failed to pay Plaintiffs and the Collective Action Members overtime compensation for all hours worked in

excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.    Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.    Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorneys' fees.

41.    Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

42.    Plaintiffs and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

43.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "42" of this Complaint as if fully set forth herein.

44.    At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45.    At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

10

46.     During the most recent three (3) years, Defendants have had gross revenues in excess of $500,000.

47.     Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

48.     Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

49.     At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

51.     The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

52.     Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the

Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

53.    Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

54.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

55.    Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

56.    Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

57.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58.    At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

60.      Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked more than (10) hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

61.      Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.  Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

62.      Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "61" of this Complaint as if fully set forth herein.

63.      The New York State Wage Theft Prevention Act, New York Labor Law § 195(1), requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

64.      The New York State Wage Theft Prevention Act, New York Labor Law § 195(3), requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

65.      At times relevant to this action Plaintiffs were paid cash, and not provided with an accurate wage and comprehendible statement as required by law, New York Labor Law § 195(3).

66.      As a result of Defendant's violations of New York Labor Law § 195(1), for the period April 9, 2011 through present, Plaintiff may recover statutory penalties, not

to exceed a total of five thousand dollars per Plaintiff, together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-b).

67.    As a result of Defendant's violations of New York Labor Law § 195(3), for the period April 9, 2011 and thereafter, Plaintiffs may recover statutory penalties for each work week Defendants failed to provide Plaintiffs with wage notices, not to exceed a total of five thousand dollars per Plaintiff, together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

68.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, on behalf of themselves and similarly situated employees, respectfully requests that this Court grant the following relief:

(a)    A declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiffs' rights under the FLSA and New York Labor Law;

(b)    An award of unpaid wages, and overtime compensation, due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)    An award of statutory damages for failure to provide wage notices and wage statements, as well as civil penalties pursuant to the New York State Wage Theft Prevention Act;

14

(e)     An award of liquidated damages as a result of Defendants' failure to pay

minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f)     An award of liquidated damages as a result of Defendants' failure to pay

overtime compensation, and "spread of hours" premiums, pursuant to the

New York Labor Law;

(g)     An award of prejudgment and post-judgment interest;

(h)     An award of costs and expenses associated with this action, together with

reasonable attorneys' fees;

(i)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       October 4, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

By: _____
          Peter H. Cooper  (PHC 4714)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Felix Cantalicio__, am an employee currently or

formerly employed by __Twin Donut__, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York

September 13, 2017

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, ___Ismael Cantalicio___, am an employee currently or formerly employed by ___Twin Donut___, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_September 13_, 2017

_Ismael Cantalicio_